The Honorable Bobby L. Hogue State Representative P.O. Box 97 Jonesboro, AR 72403-0097
Dear Representative Hogue:
This is in response to your request for an opinion on the following question:
 To pass a motion before the city council, is a simple majority of the aldermen present necessary to pass the motion, or does it require a majority of the whole elected body?
A conclusive answer to this question would require reference to the particular motion at hand, as certain types of motions require more than a majority vote. See, e.g., A.C.A. § 14-55-202 (1987) (requiring a two-thirds vote to suspend the rule regarding reading of bylaws and ordinances on three different days); see also A.C.A. § 14-55-203 (1987) (requiring "a majority of a whole number of members elected to the council" to pass any "bylaw, ordinance, resolution, or order. . . .") The form of government of the city in question should also be considered,[1] as well as any local rules of procedure. See A.C.A. §14-43-501(a)(2)(C) (1987) (authorizing cities of the first class to "determine the rules of their proceedings. . . .")
As a general matter, however, under the common law rule, a majority of a quorum is empowered to act for the body. Mad Butcher, Inc. v. Parker,4 Ark. App. 124, 628 S.W.2d 582 (1982).[2] It seems clear, therefore, that a majority of the whole elected body is ordinarily not required to pass a motion. It should be further noted in this regard that under general parliamentary law, a majority of those members voting is sufficient to approve a motion where a quorum is present. H.M. Robert,Robert's Rules of Order Art. VI, § 38 (1973). This comports with the general common law rule. See FTC v. Flotil Products, Inc., 389 U.S. 179
(1967), cited in Mad Butcher, supra, 4 Ark. App. at 130. Thus, when not otherwise stated by rule or statute, the number of members present andvoting is ordinarily the basis for calculating the majority vote, i.e., abstentions are excluded. Robert's, supra.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] See A.C.A. § 14-47-123(a)(2) (1987) (providing in the city manager form of government that "the concurring vote of a majority of those attending a meeting, provided a quorum is present, shall represent the action of the board") and § 14-48-120(a)(2) (1987) (stating with regard to the city administrator form of government that "[e]xcept where otherwise provided by law, an affirmative vote of four (4) or more members shall represent the action of the board.")
[2] As to what constitutes a quorum, see generally A.C.A. § 14-53-501(a)(2)(A) (1987) ("[a] majority of the whole number of aldermen. . . .") See also A.C.A. §§ 14-47-123(a)(1) (1987) and14-48-120(a)(1) (1987) ("[a] majority of the elected membership of the board of directors. . . .")